**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| Geo. W. Park Seed Co., Inc., | ) | Case No. 10-02431-jw |
| et al, | ) | |
| | ) | (JOINT ADMINISTRATION) |
| Debtors. | ) | |

**TRUSTEE'S APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SSG CAPITAL ADVISORS, LLC AS INVESTMENT BANKER AND FINANCIAL ADVISOR**

L. Stan Neely, Chapter 11 Trustee (the "Trustee") for Geo. W. Park Seed Co., Inc.; Park Wholesale, Inc.; Jackson & Perkins Company, Inc.; Jackson & Perkins Wholesale, Inc.; and J&P Acquisitions, Inc. (together, "Debtor" or "Park Seed"), submits this application (the "Application") for an order under §§ 327(a), 328(a), 1104 and 1106 of Chapter 11 of the United States Bankruptcy Code (the "Code") and Bankruptcy Rules 2014 and 2016 approving the employment and retention of SSG Capital Advisors, LLC ("SSG") as investment banker and financial advisor to the Trustee. In support of such Application, the Trustee would show as follows:

**JURISDICTION**

1. The Court has jurisdiction over the Debtor's Chapter 11 case and this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).

**INTRODUCTION**

2. The above-captioned matter originally involved the joint administration of In re Geo. W. Park Seed Co., Inc., Case No. 10-02431-jw; In re Park Wholesale, Inc., Case No. 10-02432-

jw; and In re Jackson & Perkins Company, Inc., Case No. 10-02434. Each of the three foregoing cases commenced with the filing of a Petition for relief under Chapter 11 of the Bankruptcy Code on April 2, 2010.

3. On or about April 14, 2010, the United States Trustee (the "US Trustee"), pursuant to section 1102(a)(1) of the Code, appointed an Official Committee of Unsecured Creditors (the "Committee") in connection with the above-captioned case.

4. L. Stan Neely was appointed Chapter 11 Trustee of the foregoing three debtors on April 16, 2010.

5. On May 10, 2010, the following debtors filed a Petition for relief under Chapter 11 of the Bankruptcy Code: In re Jackson & Perkins Wholesale, Inc., Case No. 10-03365-jw; and In re J&P Acquisitions, Inc., Case No. 10-03363-jw.

6. On May 21, 2010, the Court ordered that the two bankruptcy matters in the preceding paragraph be jointly administered with the original three cases, and also entered an order appointing L. Stan Neely as Chapter 11 Trustee for the two debtors in the preceding paragraph.

**RELIEF REQUESTED**

7. The Trustee proposes to retain SSG to provide investment banking services to the Trustee and the Debtor's estate on an exclusive basis on terms and conditions substantially the same as those described in the Engagement Agreement dated as of May 26, 2010 between SSG and the Trustee ("the Engagement Agreement") attached hereto as Exhibit "B". By this Application, the Trustee requests that that the Court enter an order authorizing the Trustee to employ and retain SSG as investment banker, *nunc pro tunc*, with regard to the matters described below, pursuant to

sections 327(a) and 328(a) of the Bankruptcy Code.

8.  SSG is well suited to provide the type of services required by the Trustee and has successfully completed in excess of 150 transactions since 1994 in sales, private placement, and restructuring for clients both in and outside of chapter 11 bankruptcy proceedings. Since 2000, SSG has completed over 100 distressed sale transactions – most of which have been through Section 363 sales in Chapter 11 proceedings throughout the country.

9.  The Trustee anticipates that SSG will act effectively to provide investment banking services to the Trustee as needed throughout the course of this case. As a leading provider of investment banking services to distressed companies, SSG has substantial expertise in providing the following specific services required by the Trustee:

- Prepare an information memorandum describing Park Seed, its historical performance and prospects, including existing contracts, marketing and sales, labor force, management and anticipated financial results of Park Seed;

- Assist the Trustee in developing a list of suitable potential buyers for Park Seed who will be contacted on a discreet and confidential basis after approval by the Trustee;

- Coordinate the execution of confidentiality agreements for potential buyers wishing to review the information memorandum;

- Coordinate the data room and the due diligence investigations of potential buyers;

- Assist the Trustee in coordinating site visits for interested buyers of Park Seed and work with the management team to develop appropriate presentations for such visits;

- Solicit competitive offers from potential buyers;

- Evaluate proposals received from potential buyers;

- Advise and assist the Trustee in structuring the transaction and negotiating the transaction agreements for the Sale of Park Seed;

- Provide testimony on behalf of the Trustee related to the Sale process of Park Seed or any other matters related to SSG's investment banking assignment for the Trustee; and

- Otherwise assist the Trustee, his attorneys and accountants, as necessary, through closing of the Sale of Park Seed on a best efforts basis.

10. The Trustee recognizes that in order for a professional to be retained under section 327(a) of the Bankruptcy Code, the professional (a) must not hold an interest adverse to the Debtor's estate and (b) must be a "disinterested person."

11. SSG has represented to the Trustee that, to the best of its knowledge, it does not hold or has not represented any interest adverse to the Debtor's estate, other than as disclosed in the Declaration of J. Scott Victor (the "Victor Declaration"), attached hereto as Exhibit "A".

12. SSG is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

13. In evaluating SSG's "disinterested" status, subsections (A) through (C) of section (101)(14) are the standards to be evaluated. Under subsection (A), a "disinterested person" is not a creditor, equity holder, or insider of the debtor. See 11 U.S.C. § 101(14)(A). SSG is not a creditor, equity security holder or insider of the debtor.

14. Professionals are considered "disinterested, under § 101(14)(B), if, inter alia, they are not and were not investment bankers for any outstanding security of the debtor. See 11 U.S.C. § 101(14)(B). In addition, a "disinterested person" cannot have been, within three years of the Petition Date, an investment banker for a security of the debtor. 11 U.S.C. § 101(14)(C). To this end, courts abide by the traditional definition of an "investment banker" as "an underwriter of new issues of securities, which acts as an intermediary between the issuing corporation and the public." In re Glosser Bros., Inc., 102 B.R. 38, 41 (Bankr. W.D. Pa 1989); see also In re Eagle-Picher Industries, Inc., 999 F.2d 969, 972 (6th Cir. 1993) (disqualifying financial advisor where firm had served as

managing underwriter on outstanding revenue bonds for the debtor); In re Federated Department Stores, 44 F.3d 1310, 1313-19 (6th Cir. 1995) (disqualifying Lehman Brothers where firm had been underwriter in public offering, had been involved again as investment banker during LBO acquisition, and had identified over twenty separate financial connections to debtor). SSG is not and was not an investment banker for any outstanding security of the Trustee or Debtor and has not within three years of the Petition Date been an investment banker for the security of the Trustee or Debtor.

15.    SSG has further represented to the Trustee that to the best of its knowledge, no partner, principal, associate or employee of SSG has any connection with, or holds any interest adverse to, the Trustee, the Debtor, its estate, creditors or any other party-in-interest herein or their respective attorneys in the matters on which SSG is proposed to be retained, except as set forth in the Victor Declaration.

16.    As of the Petition Date and the date of the Trustee's appointment, the Trustee and the Debtor did not owe SSG for any prepetition services. The Trustee has been informed that SSG has not shared or agreed to share any of its compensation from the Trustee with any external person, except as permitted by section 504 of the Bankruptcy Code.

17.    Based on the foregoing and the facts in the Victor Declaration, the Trustee believes that SSG does not hold or represent any interest adverse to the Debtor's estate as to the matters upon which SSG has been engaged, and that SSG is a "disinterested person" as required by 11 U.S.C. §§ 101(14) and 327(a).

**COMPENSATION**

18. As set forth in the Engagement Agreement, the Trustee proposes to pay SSG as follows:

- <u>Initial Fee</u>. An initial fee (the "Initial Fee") equal to $25,000, due upon Bankruptcy Court approval of SSG's retention application *nunc pro tunc* to the date of execution of the Engagement Agreement.

- <u>Monthly Fees</u>. Monthly fees (the "Monthly Fees") of $25,000 beginning June 15, 2010 and payable on the fifteenth (15th) of each month thereafter during the Engagement Term (as such term defined in the Engagement Agreement).

- <u>Sale Fee</u>. Upon the closing of a Sale, either through a plan of reorganization or §363 sale, with any party, the Chapter 11 Estate of Park Seed shall pay SSG a fee (the "Sale Fee"), payable in cash, in federal funds via wire transfer or certified check, at closing of such Sale equal to the greater of: a) $400,000 or b) 2% of the Sale proceeds plus assumed debt.

- In addition to the foregoing fees, whether or not a Sale is consummated, and in addition to the fees noted above which may be payable to SSG hereunder, the Chapter 11 Estate of Park Seed agrees to reimburse SSG on a monthly basis for all of SSG's reasonable out-of-pocket expenses incurred in connection with the subject matter of this engagement, said expenses not to exceed $2,000 in any month unless prior written approval from the Trustee is obtained.

19. SSG will maintain summary records of costs and expenses incurred in connection with the engagement. SSG will seek compensation and reimbursement of expenses upon proper applications for allowance of final compensation in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the rules and orders of this Court. The applications will set forth in reasonable detail in narrative format the services performed, the professional persons providing such services and the time spent, but SSG requests that it not be required to provide detailed time records.

## NOTICE

20.  Notice of the hearing on this Application has been provided to the United States Trustee, counsel to the Debtor, counsel to the Committee and all parties requesting notice pursuant to Bankruptcy Rule 2002-1.  The Trustee submits that under the circumstances no further notice is necessary.

21.  No previous application for relief sought herein has been made to this or any other Court.

## CONCLUSION

RESPECTFULLY SUBMITTED on this the 28th day of May, 2010 at Columbia, South Carolina.

        BARTON LAW FIRM, LLC

        By: /s/ Barbara George Barton
            Barbara George Barton, I.D.# 1221
            Christine E. Brimm, I.D.#6313
            1715 Pickens Street
            P.O. Box 11332 (29201)
            Columbia, SC 29211
            (803) 256-6582
            (803) 779-0267 (fax)
            bbarton@bartonlawsc.com