# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| Geo. W. Park Seed Co., Inc., et al, | ) ) | Case No. 10-02431-jw |
| | ) | (JOINT ADMINISTRATION) |
| Debtors. | ) | |

**SECOND AMENDED ORDER ESTABLISHING BIDDING AND OTHER PROCEDURES IN CONNECTION WITH THE SALE OF DEBTORS' ASSETS AND GRANTING PROTECTIONS TO THE PROPOSED BUYER**

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**08/09/2010**



/s/ John E. Waites
Chief US Bankruptcy Judge
District of South Carolina

Entered: 08/10/2010

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| Geo. W. Park Seed Co., Inc., | ) | Case No. 10-02431-jw |
| et al, | ) | |
| | ) | (JOINT ADMINISTRATION) |
| Debtors. | ) | |

**SECOND AMENDED[1] ORDER ESTABLISHING BIDDING AND OTHER PROCEDURES IN CONNECTION WITH THE SALE OF DEBTORS' ASSETS AND GRANTING PROTECTIONS TO THE PROPOSED BUYER**

THIS MATTER came before the Court on Trustee's Motion for Order Establishing Bidding and Other Procedures in Connection with the Sale of Debtors' Assets and Granting Protections to the Proposed Buyer ("Bidding Motion"), filed July 16, 2010. In a separate motion, the Trustee proposes to sell a substantial portion of Debtors' assets ("Assets") to J&P Park Acquisition, Inc. ("JPPA"), or its assigns for $7,089,000, subject to working capital adjustments as defined in the APA ("Purchase Price"), subject to higher or otherwise better offers, with such sale being free and clear of all liens, claims, encumbrances, and other interests, pursuant to §§ 105 and 363(f) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

Trustee requests entry of an order: (i) establishing bidding procedures in connection with the proposed sale and (ii) granting certain purchase offer protections to JPPA in the form of a reimbursement fee in an amount not to exceed $210,000, subject to court approval ("Reimbursement Fee").

It appearing that that the proposed bidding procedures are commercially reasonable and will facilitate the sale process and maximize the value of the assets for the

---

[1] This order is being amended because the date and time of the Auction were inadvertently omitted from the prior order.

estate, that the Reimbursement Fee for the proposed buyer is appropriate, and that the relief requested in the Bidding Motion is in the best interests of the estate, it is hereby,

ORDERED, ADJUDGED and DECREED as follows:

1. The Motion is granted in all respects.

2. The following bidding procedures are approved:

    (a) <u>Stalking Horse</u>. The Trustee has finalized negotiations with JPPA to serve as a stalking horse bidder (the "Stalking Horse Bidder") to purchase the Assets for $7,089,000, subject to working capital adjustments as defined in the APA (the "Stalking Horse Bid").

    (b) <u>Acceptance of Bids.</u> Any bid from any persons or entities other than the Stalking Horse Bidder to purchase the Assets, in order to be a qualifying bid (a "Qualified Competing Bidder" and a "Qualified Competing Bid"), shall:

    i. be in writing;

    ii. use the form of purchase agreement used in the Stalking Horse Bid, and must be submitted in both clean and redlined versions to indicate all differences between the Bid and Stalking Horse Bid. The Trustee, on the advice of his counsel and investment banker after consultation with the Official Committee of Unsecured Creditors, Wells Fargo Bank, N.A., and the United States Trustee (collectively with the Trustee and Debtors hereinafter referred to as the "Interested Parties"), may accept modifications to the documents submitted by a prospective bidder who otherwise complies with these requirements if the Trustee determines, in the exercise of his business judgment, that the Bid as a whole represents a higher or better offer. Upon request, each prospective bidder will be furnished a copy of the APA in Microsoft Word format for the purposes of preparing the Bid. Potential bidders seeking additional information on the Sale may contact the Trustee's investment banker, SSG Capital Advisors, LLC, or the Trustee's bankruptcy counsel, Barton Law Firm, P.A., for additional information on Debtors or on bidding and will be required to sign a nondisclosure agreement in order to review confidential information.

    iii. exceed the purchase price by $470,000;

    iv. be accompanied by evidence reasonably satisfactory to the Trustee demonstrating the prospective bidder's financial ability to close no

       later than the same date on which the Stalking Horse has committed to close;

  v. be a "firm offer" and not contain any contingencies to the validity, effectiveness, or binding nature of the offer, including without limitation, contingencies for financing, due diligence, or inspection. Notwithstanding the foregoing in this subparagraph (v), a bid may contain any contingencies contained in the Stalking Horse Bid;

  vi. include a deposit of $400,000 in certified funds payable to the trust account of counsel for Trustee; and

  vii. be received by Trustee, his counsel and investment banker, Stalking Horse Bidder, and the other Interested Parties no later than the close of business on August 18, 2010 (the "Bid Deadline").

       No bid shall be considered by the Trustee or the Court unless it is a Qualified Competing Bid and no bidder shall be permitted to participate in the auction process unless it is a Qualified Competing Bidder. The Interested Parties and the Stalking Horse Bidder reserve the right to object to any bid being deemed a "Qualified Competing Bid." The Interested Parties reserve the right to ask the Court, prior to the start of the auction, to determine that any bid that has not been deemed by the Trustee in his discretion to be a "Qualified Competing Bid" be deemed by the Court to be a "Qualified Competing Bid" if the Court determines that such bid meets all of the requirements of paragraph 6(b) of this Motion.

(c) <u>Auction and Selection of the Winning Bid</u>. Following the expiration of the Bid Deadline, the Trustee on the advice of his counsel and investment banker will review all timely-submitted Qualified Competing Bids and determine which Qualified Competing Bid represents the higher or better offer for the Assets. On the date set by the Court for hearing the Sale Motion, the Trustee and his advisors shall conduct the Auction to determine which Qualified Competing Bid(s) comprise the higher or better offers for the purchase of the Assets. The Auction will be presided over by the Bankruptcy Court.

(d) <u>Auction Procedures</u>. Each Qualified Competing Bidder is invited to attend and bid at the Auction and Sale Hearing. Unless otherwise stated, the Auction shall be held at the J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, South Carolina 29201, on August 23, 2010 and will commence at 10:30 a.m. The Trustee will ask the Court to resolve any existing disputes resulting from such auction and

approve the offer which the Court determines to be the best offer. Unless otherwise announced by the Trustee at the commencement of the Auction, the following procedures shall govern the Auction:

  i. For its Qualified Competing Bid to be considered at the Auction, a Qualified Competing Bidder must appear in person at the Auction or through a duly-authorized representative unless alternative arrangements are made in advance with the Trustee.

  ii. The Auction will commence with the announcement of the higher or better offer for the purchase of the Assets, as determined by the Trustee.

  iii. If multiple Qualified Competing Bids are received for the Assets, Qualified Competing Bidders shall have the right to improve their respective bids at the Auction. Such overbids, including any overbid by the Stalking Horse Bidder, must be made in minimum increments of $300,000.

  iv. At the conclusion of overbidding, the Trustee, on the advice of his counsel and investment banker, after consultation with the Interested Parties, will select the highest or best Qualified Competing Bid for the Assets (the "Successful Bid" or "Successful Bidder"). The Trustee, after consultation with the Interest Parties, will also select the next higher or better Qualified Competing Bid, if any, for the Assets (the "Successful Back-Up Bid" or "Successful Back-Up Bidder"). The Trustee may only designate the Stalking Horse Bidder as the Successful Back-Up Bidder in the amount of the Stalking Horse Bid and only for a period of ten (10) days from the date of the entry of the Order approving the Sale.

  v. If the Successful Bidder fails to close the sale as a result of a material breach by Successful Bidder of the APA, the Successful Bidder shall forfeit its deposit made pursuant to Paragraph (b)(vi) above, and Trustee shall close the sale of the Assets to the Successful Back-Up bidder without the necessity of obtaining another order from this Court.

  vi. Any Qualified Competing Bidder whose Qualified Competing Bid is finally approved by the Court and authorized to be consummated by the Trustee shall be referred to herein as a "Purchaser."

  vii. The Trustee reserves the right, after consultation with the Interested Parties, to reject any Bid or Qualified Competing Bid that the Trustee determines is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or

    these Bid Procedures or (iii) contrary to the best interests of the Debtors, their estates and Creditors.

(e) <u>Closing.</u> The Trustee shall use commercially reasonable efforts to consummate the Court-approved transaction within the time frame set forth in the APA after entry of an order approving such transaction (the "Closing"). Acceptance by Trustee of a Qualified Competing Bid as a Successful Bid or a Successful Back-Up Bid shall, in all respects, be subject to the entry of the sale order by the Bankruptcy Court authorizing Trustee to consummate the sale.

(f) <u>All Bids to Remain Open.</u> Notwithstanding the Trustee's acceptance of another Qualified Competing Bid as the Successful Bid or Successful Back-Up Bid, all Qualified Competing Bids shall remain open and irrevocable until the Closing so that they may be accepted and consummated without further Order of the Court in the event a sale to a Successful Bidder or Successful Back-Up Bidder either is not approved by the Court or is not consummated on the Effective Date.

(g) <u>Deposits</u>. All Deposits received by the Trustee shall be maintained in an interest-bearing account and be subject to the jurisdiction of the Court. Except as otherwise set forth below or in the APA, within three (3) business days after the Closing, the Trustee shall return to each Qualified Competing Bidder that is not the Purchaser its Deposit, together with any interest paid thereon.

(h) <u>Reimbursement Fee</u>. In the event that any Qualified Competing Bidder acquires the Assets as part of the auction process, other than due to a breach of the Sale Agreement by the Stalking Horse Bidder, the Stalking Horse Bidder shall be entitled to a cash payment as reimbursement of the Stalking Horse Bidder's reasonable expenses incurred in connection with the sale up to $210,000 (including without limitation all time spent by the Stalking Horse Bidder's personnel in evaluating the acquisition of the Assets, in accordance with Section 4.1.3 of the APA) subject to Court approval of the reasonableness of the actual amount of such expenses actually incurred by the Stalking Horse Bidder (the "Reimbursement Fee"). This Reimbursement Fee shall serve as reimbursement for the Stalking Horse Bidder's reasonable expenses incurred in entering into the Sale Agreement, and for the benefit to Debtors that the Sale Agreement created in attracting other bids over and above the Purchase Price, which benefit Trustee and Debtors acknowledge. The Reimbursement Fee shall be paid to the Stalking Horse Bidder concurrently with the consummation of the Sale and only from the proceeds of the Sale.

(i) <u>Jurisdiction</u>. All Qualified Competing Bidders are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court as to any dispute regarding any aspect of the foregoing Bid Procedures.

    (j) <u>Reservation of Rights</u>. Subject to approval of the Court, the Trustee reserves its right, in its discretion and reasonable business judgment, to (i) impose, at or prior to the Auction, additional terms and conditions on a sale of any of the Assets consistent with the Bid Procedures Order; (ii) extend the deadlines set forth in the Bid Procedures; (iii) adjourn the Auction at the Auction, and/or adjourn the Sale Hearing in open court without further notice; and (iv) withdraw from the Auction any or all of the Assets at any time prior to or during the Auction or cancel the Auction.

  3. Notwithstanding any provisions contained herein to the contrary, this Court shall have final authority to determine any questions or issues arising from disputes relating to the exercise of the Trustee's judgment or discretion at the Auction and such disputes will be dealt with at the same time and as part of the Sale Hearing.

  4. The Reimbursement Fee is approved, subject to further Court approval of the reasonableness of the actual amount of such expenses actually incurred by JPPA.

  5. The Trustee shall serve this Order (unless the bidding procedures contained herein have already been served) and the sale motion on all creditors and parties in interest and any other entities that have been contacted with regard to or shown an interest in purchasing the assets.

  AND IT IS SO ORDERED.